# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ALEXANDER PALOMAREZ,

        Petitioner,

vs.                                         No. CV 21-00417 WJ/LF

DARIN YOUNG, WARDEN,

        Respondent.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE TO FILE A WRIT OF HABEAS CORPUS AND DISMISSING CASE

THIS MATTER is before the Court on the motion Requesting Leave to File a Writ of Habeas Corpus filed by Petitioner Alexander Palomarez (Doc. 1). The Court will deny the motion and will dismiss this proceeding for lack of jurisdiction.

This is a proceeding under 28 U.S.C. § 2254 by a prisoner in state custody. Petitioner Palomarez is incarcerated in the State of South Dakota on a South Dakota conviction for first degree rape of a child. Palomarez pled guilty and was sentenced to 50 years of incarceration. Palomarez filed his first petition in this Court under § 2254 in 2017. *See Palomarez v. Young*, No. CV 17-01026 JCH/KBM. This Court transferred the case to the United States District Court for the District of South Dakota. (*See* CV 18-00298 RB/SMV Doc. 3 at 2). Palomarez filed two additional § 2254 petitions in the District of South Dakota. All of his petitions were denied by that District. (*See* CV 18-00298 RB/SMV Doc. 3 at 2-3).

Palomarez then filed a fourth § 2254 petition in this Court in 2018. *See Palomarez v. Young,* No. CV 18-00298 RB/SMV. No. CV 18-00298 was dismissed as an unauthorized second or successive petition by the Court on April 4, 2018. (CV 18-00298 Doc. 3). On appeal the United States Court of Appeals for the Tenth Circuit denied a certificate of appealability. (CV 18-00298

1

Doc. 15). The Tenth Circuit also denied a motion filed by Palomarez seeking authorization to proceed on a second or successive § 2254 petition. (CV 18-00298 Doc. 14).

While the appeal in CV 18-00298 was pending, Palomarez filed yet another § 2254 Petition in this Court on April 13, 2018. *See Palomarez v. Young,* No. CV 18-00361 RB/LF. The Court dismissed the Petition as an unauthorized second or successive § 2254 petition on April 30, 2018. (CV 18-00361 Doc. 5). Following additional abusive filings by Palomarez, the Court entered an Order imposing filing restrictions on July 6, 2018 (CV 18-00361 Doc. 9). The Court also entered final Judgment dismissing the case on July 6, 2018. (CV 18-00361 Doc. 10).

Palomarez then filed a Motion for Permission to File Confidential Information Under Seal on December 29, 2020 in CV 18-00361 RB/LF. (CV 18-00361 Doc. 11). In his Motion, Palomarez claimed that he has confidential information regarding crimes allegedly committed in the State of New Mexico. (CV 18-00361 Doc. 11 at 2-4). His Motion stated:

> "Considering I am the only one that can assist law enforcement
> in this matter I would like to know if this court can provide me
> some type of relief. I do have a place to stay and I believe I would
> be safe while assisting law enforcement."

(CV 18-00361 Doc. 11 at 5). This Court dismissed the Motion for Permission based on lack of jurisdiction. (CV 18-00361 Doc. 12).

In accordance with the filing restrictions imposed in CV 18-00361, Palomarez has now filed a pro se motion Requesting Leave to File a Writ of Habeas Corpus. (Doc. 1). Although he does not identify his South Dakota criminal conviction, he appears to again be seeking to challenge that conviction. His motion identifies the issue he seeks to raise as "[w]hether Angela Gallegos 4th Amendment rights were violated when the police illegally searched Angela's cell phone." (Doc. 1 at 1). He claims that because the search of the cell phone was unconstitutional, all evidence seized as a result of the search must be suppressed. (Doc. 1 at 2). He also contends that his right

2

to effective assistance of counsel was violated by counsel's failure to file a motion on his behalf to suppress the evidence. (Doc. 1 at 3). Palomarez seeks to proceed on a habeas corpus petition in this Court because the alleged owner of the cell phone now resides in Deming, New Mexico. (Doc. 1 at 2).

The Court will deny Palomarez's motion Requesting Leave to File a Writ of Habeas Corpus and will dismiss this civil case. As Palomarez has already been advised on multiple occasions, this Court lacks any jurisdiction to consider any habeas corpus petition filed by Palomarez relating to this South Dakota conviction. First, this is at least the sixth time that Palomarez has sought to proceed on a petition for writ of habeas corpus as a prisoner in state custody under 28 U.S.C. § 2254. In order to proceed on a successive § 2254 petition, Palomarez must first obtain authorization from a United States Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Palomarez does not allege, much less present evidence, that any United States Court of Appeals has authorized him to proceed on a successive § 2254 petition.

Further, Palomarez was convicted by a South Dakota state court on South Dakota state criminal charges and is serving his sentence in the Mike Durfee State Prison in Springfield, South Dakota. (Doc. 1 at 7). To the extent Palomarez seeks to use his alleged information regarding a witness that now resides in New Mexico to obtain his release from a South Dakota prison, the Court has already advised him that it lacks jurisdiction to proceed. The Court cannot grant habeas corpus relief on a claim against a prison warden in South Dakota seeking to be released from incarceration on a South Dakota state conviction and sentence. 28 U.S.C. § 2254. *See, e.g.,* 28 U.S.C. § 2241(d) (permitting a petition for writ of habeas corpus by a prisoner in state custody to be filed in the District of either the State having custody of the petitioner or the State that convicted and sentenced the petitioner). Palomarez has provided no authority, and the Court is aware of no

3

authority, that would grant it jurisdiction to proceed on Palomarez's request. Therefore, the Court will deny his Request for Leave to File a Writ of Habeas Corpus and will dismiss this proceeding for lack of jurisdiction.

The Court also notifies Palomarez that all of his cases in this Court are closed, and he may not continue to file motions or other documents in the closed cases. Any further filings attacking his South Dakota conviction or sentence **MUST** comply with the filing restrictions imposed by this Court's July 6, 2018 Order in CV 18-00361 **AND MUST** be accompanied by an order of a United States Court of Appeals authorizing him to proceed **IN THIS COURT** on a successive § 2254 petition. Any further filings that are not in compliance with both of these requirements may result in further sanctions against Palomarez.

**IT IS ORDERED** that the motion Requesting Leave to File a Writ of Habeas Corpus filed by Petitioner Alexander Palomarez (Doc. 1) is **DENIED** and this civil case is **DISMISSED** for lack of jurisdiction.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE